FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 AUG 13 PM 2: 45

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DANIEL COOPER,

   Plaintiff,

-VS-

ARS NATIONAL SERVICES INC.,

   Defendant.

CASE NO.: 6:12-CV-1237-ORL-36-DAB

**JURY TRIAL DEMANDED**

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.72 ("FCCPA")

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, DANIEL COOPER, is a natural person over the age of 18 who resides in the City of Palm Bay, County of Brevard, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, ARS NATIONAL SERVICES, INC., (hereinafter "ARS") is a collection agency operating from an address of 201 W. Grand Ave., Escondido, CA 92025, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

## FACTUAL ALLEGATIONS

6. ARS consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors.

7. Plaintiff received numerous calls, as well as voicemails and letters in regards to a Citibank, N.A./Home Depot account (hereinafter "the account") in collections with ARS in the name of a "Daniel H. Cooper."

8. Plaintiff is not the individual ARS is seeking payment from, Plaintiff has not had a Citibank, N.A./Home Depot account, and Plaintiff has a different middle initial, Daniel C. Cooper, from the "Daniel H. Cooper" which ARS is attempting collection on.

9. ARS has been calling Plaintiff upwards of three (3) times a week seeking to collect on the account from Plaintiff which he has no legal obligation to.

10. On at least three (3) occasions, the Plaintiff has spoken to unknown agents of ARS and explained to them that he is not the Daniel Cooper they are looking for and to cease calling and remove his name from its list.

11. Despite information ARS he is not the proper debtor, ARS has intentionally continued its collection efforts against Plaintiff.

12. During one conversation with an unknown agent of ARS, said unknown agent also mentioned the name of "Daniel H. Cooper's" wife: "Diana Cooper." Such a person is not Plaintiff's wife who is named "Catherine Cooper."

13. Plaintiff received a telephone message from ARS on an unknown date at 12:31 p.m. stating "This message is for Dan Cooper. If you aren't Dan Cooper, please stop listening to this message. If you are Dan Cooper, only listen to the following information in private. There will

now be a pause. This is Andrea, from ARS National Services, a debt collector with an attempt to collect a debt. Any information obtained, will be used for that purpose. Please call me at 800-3-4-5-3-0-4-5, extension 4-0-8-7 and reference number 2-4-4-8-6-1-9-8. Thank you."

14. Plaintiff received a telephone message from ARS on April 27, 2012 at 11:49 a.m. stating "This message is for Dan Cooper. My name is Andrea. I'm calling from ARS. Mr. Cooper please return my call at 800-3-4-5-3-0-4-5, extension 4-0-8-7 and reference number 2-4-4-8-6-1-9-8. Thank you."

15. Plaintiff received a statement via US Mail from ARS on April 12, 2012 offering a settlement on Daniel H. Cooper's balance with their company.

16. Plaintiff received a statement via US Mail from ARS on April 28, 2012, reminding him of Daniel H. Cooper's past due balance and requesting payment.

17. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

18. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FDCPA

### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference, the above one (1) through twenty-one (21) paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

    (a)    The Defendant violated 15 U.S.C. § 1692b(3) by contacting the Plaintiff more than once after being requested to cease contact.

    (b)    The Defendant violated 15 U.S.C. § 1692d by committing actions against the Plaintiff in which the consequences result in the Plaintiff feeling harassed and abused.

    (c)    The Defendant violated 15 U.S.C. § 1692d(5) by continually causing the Plaintiff's phone to ring.

    (d)    The Defendant violated 15 U.S.C. § 1692f by committing unfair and unconscionable means to collect a debt from the Plaintiff when he was not the party responsible for the debt in question.

21.    As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT II

## VIOLATION OF THE FCCPA

### Florida Statute § 559.72

25.    Plaintiff incorporates by reference, the above one (1) through twenty-one (21) paragraphs

of this Complaint as though fully stated herein.

26. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

27. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

28. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

29. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt against the Plaintiff when ARS knew that the debt was not legitimate.

30. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Florida Bar #: 0052284
Attorney for Plaintiff
JLee@ForThePeople.com